## Commonwealth, ex rel., v. Degler

*Clarence C. Mendelsohn*, for petitioner.

MAYS, J., December 12, 1935.—The writ in this case taken out by Florence Scholl, the mother of Joan Scholl, a child born out of wedlock, is directed to Irwin Degler, the reputed father of said child, commanding him to bring before the court the said infant child, and to show cause why said child should not be delivered into the custody of her mother. The writ was duly served, and all parties appeared before the court on December 10, 1935. After hearing the testimony of witnesses and the arguments of counsel, the court held the case under advisement until this day.

It appears that Florence Scholl, now 23 years of age, became acquainted with Irwin Degler, now 30 years of age, about seven years ago, since which time up to a few months ago they were intimately associated with each

other, at times during said period living at a common domicile.

Joan Scholl was born December 2, 1933, and from that time until September 1, 1935, or thereabouts, was in the custody of the petitioner and the respondent, who then separated. About that time the said Joan Scholl was, by Irwin Degler, taken into his custody without the consent of the petitioner.

The respondent and the people (quite respectable and decent) in whose home the child and the respondent are living, are devotedly attached to Joan Scholl. For this we surely should, and we do, commend them.

The mother likewise resides with respectable people. She informed the court that she intends to be married and that her intended husband is willing to give this child proper care and attention.

Contrasting the status of both the mother and father of this child, it may be said to appear that perhaps in some respects the father is now able to do more for the child than the mother. But, as was said by the late Judge Stewart when on the bench in Franklin County, in Commonwealth, ex rel., v. Myers, 6 Dist. R. 31, at page 32:

"It would be an exceptional case, indeed, where the best interest and permanent welfare of a child of tender years would not be better promoted by a mother's love and daily care than by the father's, even though the latter be ever so tender and affectionate".

In that case the child was two and a half years old.

This is particularly so when applied to a child born out of wedlock. In all probability the natural love and affection of a mother for such a child is greater than that of anyone else, and the best interests of the child will generally be observed by allowing it to remain in her custody: "The mother, as guardian by nurture, has the right to the custody and control of her bastard child until it attains an age when it can, in contemplation of the law, make an election between father and mother":

7 C. J. 953, 954, sec. 28; Commonwealth v. Anderson, 1 Ashm. 55; Pote's Appeal, 106 Pa. 574.

Of course this would be otherwise if the mother were an unfit person, of which there is no proof. The fact that these parties have had a meretricious relationship is not in itself sufficient at this time to warrant us in saying that this mother should be denied the right to have the custody of the child, particularly in view of the fact that the respondent himself is not so blameless that he can set up the unfortunate condition of this mother.

For the reasons stated, it is necessary that we give the relatrix the possession and care of her daughter, now two years old. However, leave is given to the respondent to ask for a rehearing if he sets forth, under oath or affirmation, that he will produce evidence of the mother's neglect of the child, or that he will show other misconduct on her part affecting her character or fitness to continue the custody of the child.

And now, to wit, December 12, 1935, it is ordered, adjudged and decreed that the minor child, Joan Scholl, be committed to the custody of her mother, Florence Scholl.

From Charles K. Derr, Reading.